UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>APPLICATION OF JOSEPH BENKEL, ADV. FOR THE ASSETS OF THE BANKRUPT, MR. ELIEZER FISHMAN I.D. NO. 030302657 FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782,<br><br>                          Applicant. | Case No.: 1:20-mc-00248-PAE |

**RESPONDENT'S MEMORANDUM OF LAW OPPOSING
<u>APPLICATION OF JOSEPH BENKEL ADV.</u>**

POLSINELLI PC

Jason A. Nagi
600 Third Avenue, 42nd Floor
New York, New York 10016
(212) 644-2092
jnagi@polsinelli.com

*Attorneys for Respondent
Levy Holm Pellegrino & Drath, LLP*

1

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT .................................................................................................................................3

    POINT I THE PETITION SHOULD BE DENIED BECAUSE IT DOES NOT MEET  THE STATUTORY REQUIREMENTS OF 28 U.S.C. § 1782................3

    POINT II THE PETITION SHOULD BE DENIED BECAUSE IT DOES NOT MEET  THE DISCRETIONARY REQUIREMENTS OF 28 USC § 1782..........4

CONCLUSION .............................................................................................................................5

Respondent, Levy Holm Pellegrino & Drath, LLP ("**LHPD**"), by and through its counsel, Polsinelli PC, opposes the application for permission to serve LHPD with a subpoena (the "**Application**"), seeking information about the assets of debtor Eliezer Fishman ("**Fishman**"), filed by Joseph Benkel Adv. (the "**Trustee**"). LHPD adopts the arguments set forth in the opposition, declarations, exhibits and brief filed by Zeichner Ellman & Krause, LLP, counsel to Tova Fishman ("**Ms. Fishman**"), Mivne Real Estate (K.D.) Ltd. ("**Mivne**"), Darban Investments Ltd. ("**Darban**"), Mirland Development PLC ("**Mirland**"), Muse Holdings Ltd. ("**Muse**"), and Fishman Holdings North America, Inc. ("**North America Holdings**," and collectively, the "**Intervenors**").

## PRELIMINARY STATEMENT

The Application should be denied and this matter dismissed for the simple reason that all of the documents sought by the Trustee are owned by Israeli companies, and, as such, the Trustee can seek the documents it requests by this Application, in Israel, pursuant to Israeli law, which this Court must rule on in order grant the Application.

But even if the documents were not owned by Israeli companies or individuals, the Application should be denied because, LHPD and the Intervenors, after significant work and negotiations, including gathering and assembling over 40,000 pages of documents, offered the following terms to the Trustee, which were rejected, without explanation, or counter:

- LHPD would turn over to the Trustee all emails between Fishman and LHPD that were not turned over to the Intervenors or to Qualisystems Ltd. and its U.S. subsidiary Qualisystems USA, Inc. (collectively "**Qualisystems**"), and would immediately notify the Trustee, Intervenors and Qualisystems if it located additional documents;

1

- Intervenors would turn over to the Trustee all documents that were "hits" for searches of "Eliezer Fishman" and "Mr. Fishman," excluding documents covered by the attorney-client privilege;

- Intervenors would make themselves available and accept service of document demands in Israel and waive any objections to the Israeli Court's jurisdiction;

- Intervenors would agree to abide by a final order or judgment of an Israeli Court.

This reasonable accommodation would permit the Trustee to seek the documents it wants (a) in the forum that governs the Trustee's appointment, (b) before the Courts that are best placed to interpret the relevant law, (c) in the forum that governs LHPD's clients who control the files the Trustee seeks, (d) would have provided all documents that are controlled by LHPD and available in the U.S., (e) would have provided Trustee with all non-privileged emails with Fishman that are controlled by the Intervenors. This would have preserved the Trustee's rights in Israel, brought the matter to the appropriate forum, and provided the Trustee with any documents that LHPD actually controlled—emails with Fishman.

Notwithstanding the Trustee's rejection of LHPD's offer to turn over the documents LHPD controlled, and Intervenors offer to turn over emails and consent to accept service in Israel, the Application should be denied on substantive, statutory grounds. For example, the discovery sought does not relate to the purpose of the foreign proceeding as none of the files relate to Fishman and the documents do not relate to the merits of the dispute. Moreover, the Trustee failed to exhaust his administrative remedies in Israel, failed to seek the documents sought in the U.S. from the entities or individuals that control the documents, all of whom are in Israel.

Further, three of the four discretionary *Intel* factors, weigh in favor of denying the Application, as it seeks discovery from Fishman, who is a participant in the foreign proceeding,

2

seeks more discovery than the Trustee is entitled to in Israel, circumventing the Trustee's jurisdictional limits, and seeks discovery that is unduly burdensome and obtrusive. As such, the Application should be dismissed.

## ARGUMENT

To avoid the unnecessary repetition of the identical arguments contained in Intervenors' motion as to why the Application should be denied the proceeding dismissed, LHPD formally adopts the arguments set forth in the declarations, exhibits and briefing filed on behalf of the Intervenors. For the Court's further convenience, a concise summary of those point follow

## POINT I

### THE PETITION SHOULD BE DENIED BECAUSE IT DOES NOT MEET THE STATUTORY REQUIREMENTS OF 28 U.S.C. § 1782

The Petition does not meet the three-pronged statutory requirements of 28 U.S.C. § 1782, in particular, factor (2). First, the discovery sought is not "for use" in a "Foreign Proceeding." LHPD and the Intervenors have presented clear evidence that the information in the Files have no relationship to Fishman's assets, and the entire purpose of the foreign proceeding is to discover assets to collect on behalf of Fishman's creditors. Second, the Trustee does not seek discovery to help decide the "merits of the dispute" within the Israeli bankruptcy proceeding, a requirement to satisfy the second factor of 28 U.S.C. § 1782. *Euromepa, S.A. v. R. Esmerian, Inc.*, 154 F.3d 24, 29 (2d Cir. 1998). Rather, Trustee admittedly seeks discovery regarding Fishman's *possible* assets in the United States based on his concerns that he confesses are "merely suspicions" and not for a remaining dispute in the Israeli bankruptcy proceeding. Benkel Decl., ¶ 15.

3

## POINT II

## THE PETITION SHOULD BE DENIED BECAUSE IT DOES NOT MEET THE DISCRETIONARY REQUIREMENTS OF 28 USC § 1782

In addition, the Petition does not meet the first, third and fourth discretionary requirements outlined in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004):

> (1) whether the person from whom discovery is sought is a participant in the foreign proceeding, in which event the need for § 1782(a) aid generally is not as apparent as it is ordinarily when evidence is sought from a nonparticipant in the matter arising abroad;
> (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance;
> (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and
> (4) whether the request is 'unduly intrusive or burdensome.'

*Intel*, 542 U.S. at 264-65.

The Petition in effect seeks discovery from Fishman, and *all* "Fishman Entities,"[1] Fishman is clearly a participant in the foreign proceedings, and as such, the first *Intel* factor weighs in favor of LHPD and the Intervenors.

The Trustee has failed to establish the third *Intel* factor—whether he has exhausted all of his administrative remedies and is circumventing his own forum country's discovery limits. Indeed the Trustee seeks broader discovery in the U.S., pursuant to section 1782 and Fed. R. Civ. P, than he would be entitled to in Israel, and seeks it in the U.S., despite the fact that the entities which control the Files are located in the home forum of Israel. As such, the Trustee is seeking

---

[1] "Fishman Entities" is defined as "any entity in which Eliezer Fishman had an interest, whether direct or indirect, and whether in his name or in the name of a nominee or to with which he was affiliated." Cassirer Decl., Exhibit A.

4

to circumvent the limited discovery he would be entitled to in Israel, defeating the third *Intel* factor.

Finally, the fourth *Intel* factor favors LHPD and the Intervenors here because the discovery sought is "unduly intrusive [and] burdensome." *Id.* There are over 40,000 pages of documents, the subpoena contains a startlingly overbroad and unduly burdensome definition of the subject matter of the subpoena, seeks documents over a **16 year period**, and seeks documents relating to "projects or potential projects" and every and any kind of communication with anyone at LHPD and Fishman or any and every company that Fishman may have touched, as well as members of Fishman's family. This subset of examples weighs in favor of denying the Application.

## CONCLUSION

For the foregoing reasons, this Court should deny the Petition and grant LHPD and the Intervenors such other and further relief as the Court deems just and proper.

Dated: New York, New York
      October 29, 2020

                POLSINELLI PC

                By: /s/ *Jason A. Nagi*
                    Jason A. Nagi
                    600 Third Avenue, 42nd Floor
                    New York, New York 10016
                    (212) 644-0199
                    Fax No. (212) 684-0197
                    jnagi@polsinelli.com

                    *Attorneys for Respondent*
                    *Levy Holm Pellegrino & Drath, LLP*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of October, 2020, a true and correct copy of *Respondent's Memorandum of Law Opposing Application of Joseph Benkel Adv.* was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of filing to:

Aurora Cassirer
Troutman Pepper Hamilton Sanders LLP
875 Third Avenue
New York, New York 10022
aurora.cassirer@troutmansanders.com

*Attorneys for Trustee Joseph Benkel*

Daniel Park
Daniel P. Rubel
Stuart A. Krause
Zeichner Ellman & Krause LLP
1211 Avenue of the Americas
New York, New York 10036
dpark@zeklaw.com
drubel@zeklaw.com
skrause@zeklaw.com

*Attorneys for Third-Party Intervenors*

                                                      */s/ Jason A. Nagi*
                                                      Jason A. Nagi

75300733