UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>APPLICATION OF JOSEPH BENKEL, ADV. FOR THE ASSETS OF THE BANKRUPT, MR. ELIEZER FISHMAN I.D. NO. 030302657 FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782<br><br>Applicant, | Case No.: 1:20-mc-00248-PAE<br><br>**STIPULATION AND PROTECTIVE ORDER** |

      **WHEREAS**, on July 2, 2020, Petitioner Joseph Benkel ("**Petitioner**" or the "**Receiving Party**") filed an Application for the Assets of the Bankrupt, Mr. Eliezer Fishman I.D. No. 030302657 for an Order to Take Discovery Pursuant to 28 U.S.C. §1782 [ECF No. 1] (the "**Application**"), Case No. 1:20-mc-00248-PAE (the "**Action**"), whereby Petitioner sought certain discovery from Levy Holm Pellegrino Drath LLP ("**Respondent**" or the "**Producing Party**") for use in insolvency proceedings of Mr. Fishman (the "**Insolvency Proceedings**");

      **WHEREAS**, as part of the Application, Petitioner filed proposed subpoenas [ECF Nos. 1-16 & 1-17] to be served upon Respondent, requesting discovery which will require the disclosure of testimony, documents, and other information that may be considered by one or more of the Parties to contain non-public information regarding the Intervenors that is confidential, proprietary, or commercially sensitive;

      **WHEREAS**, Tova Fishman, Mivne Real Estate (K.D.) Ltd., Darban Investments Ltd., Mirland Development PLC, Muse Holdings Ltd., and Fishman Holdings North America, Inc. (collectively, "**Intervenors**") filed a motion to intervene in the Action [ECF No. 22]);

      **WHEREAS**, on April 15, 2021, the Court issued an Order [ECF No. 41] advising the Parties "that it is likely to grant the [A]pplication, but in narrowed scope, and pursuant to a process that assures that attorney-client privileges of third parties are respected"; and

      **WHEREAS**, the Petitioner, Respondent, and Intervenors (collectively, the "**Parties**") have agreed to the terms stated herein.

      It is hereby **ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties in connection with the Action:

116608205v1

1. The Disclosed Information[1] will be held and used by the Receiving Party only for use in connection with the Insolvency Proceedings or any other litigation related to the Insolvency Proceedings, and not for any business, commercial, competitive, or other purpose. The Receiving Party will not participate in the direct or indirect disclosure of the Disclosed Information to the media. Such indirect disclosure does not include information the media may obtain based on the Receiving Party filing Disclosed Information in the Insolvency Proceeding or any litigation related to the Insolvency Proceeding.

2. Nothing in this Protective Order constitutes an admission by any party that the Disclosed Information is confidential, privileged, relevant, or admissible.

3. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the Receiving Party in a manner that is secure and confidential and, to the extent that information containing PII is used in any legal proceeding, the filing of such information shall be in accordance with the applicable procedure and rulings of the Foreign Tribunal for the protection of PII.

4. The disclosure of privileged information is governed by the provisions of the Settlement Agreement executed by the Parties in this matter and incorporated hereto.

5. Petitioner shall take all reasonable steps to ensure the continued confidentiality of the Disclosed Information when using those documents or information in the any legal proceeding, but shall not be obligated to take such steps as filing the materials under seal or an equivalent procedure under foreign law.

6. If the Parties cannot reach agreement after reasonably conferring with one another on matters pertaining to this Order, counsel shall address their dispute to this Court.

7. This Order will survive the termination of this Application and the Insolvency Proceedings and will continue to be binding upon all persons to whom the Disclosed Information is produced or disclosed.

8. The Court shall retain jurisdiction and venue over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Settlement Agreement.

06470-00010/11071138.9                          2

116608205v1

_____
Aurora Cassirer, Esq.
TROUTMAN PEPPER LLP
*Attorneys for Petitioner Joseph Benkel, Adv.*

_____
Jason Nagi, Esq.
OFFIT KURMAN LLP
*Attorneys for Respondent Levy Holm Pellegrino Drath LLP*

_____
Stuart A. Krause, Esq.
Daniel P. Rubel, Esq.
ZEICHNER ELLMAN & KRAUSE LLP
*Attorneys for Proposed Intervenors Tova Fishman, Mivne Real Estate (K.D.) Ltd., Darban Investments Ltd., Mirland Development PLC, Muse Holdings Ltd., and Fishman Holdings North America, Inc*

**SO ORDERED.**

Dated: 6/14/2021
New York, New York

_____
**Paul A. Engelmayer**
United States District Judge